UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAULETTE A. ROBEAUX                                    CIVIL ACTION

VERSUS                                                 NO. 12-2093

MICHAEL J. ASTRUE, COMMISSIONER                        SECTION "A" (3)
SOCIAL SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") and supplemental security income benefits ("SSI") under Title XVI of the SSA. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be GRANTED, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED for proceedings consistent with this recommendation.

### I.      BACKGROUND

Plaintiff filed an application for a period of disability and DIB on November 20, 2009, alleging a disability onset date of January 31, 2009. (Adm. Rec. at 104). Plaintiff filed her application for SSI on January 27, 2010, alleging the same disability onset date. (*Id.* at 108). Plaintiff alleged disability due to neck and back injuries, arthritis, bone loss and high blood pressure.

(*Id.* at 141). Plaintiff, born on January 4, 1951, was 57 years old on the date on which she alleged disability and 59 years old at the time of the final administrative decision. (*Id.* at 104, 108). Plaintiff has a high-school education and past relevant work experience as a bookkeeper and a maintenance supervisor. (*Id.* at 142).

Defendant initially denied plaintiff's applications on January 15, 2010. (*Id.* at 52-55). Plaintiff sought an administrative hearing, which defendant held on August 12, 2010. (*Id.* at 21-49, 56-57). Plaintiff and a vocational expert ("VE"), John Yent, testified at the hearing.

On January 18, 2011, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 10-16). In the decision, the ALJ concluded that plaintiff has the severe impairments of hypertension, gastroesophageal reflux disease and chronic neck and lower back pain. (*Id.* at 12). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 13). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work with the following non-exertional limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and frequently perform balancing, stooping, kneeling, crouching and crawling. (*Id.* at 13). She also concluded that plaintiff must avoid concentrated exposure to extreme cold and heat and requires a five-minute break every hour although remaining on-task. (*Id.*). She concluded that plaintiff is able to perform her past relevant work as a bookkeeper and secretary. (*Id.* at 16). The ALJ thus denied plaintiff's application for SSI. (*Id.* at 16).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled.

(*Id.* at 6). On April 19, 2012, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).  It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992).  Conflicts in the

evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992);  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id.* §§ 404.1520, 416.920; *Greenspan*

*v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial

are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

### IV.   ISSUES ON APPEAL

There are four issues on appeal:

(1)   Whether the ALJ properly accorded controlling weight to the non-examining state agency medical consultant and rejected the opinion of the treating physician, Antoinette Harvey-Fields, M.D.

(2)   Whether the ALJ properly assessed plaintiff's credibility.

(3)   Whether substantial evidence supports the ALJ's RFC assessment that plaintiff can perform light work.

(4)   Whether substantial evidence supports the ALJ's conclusion that she can perform her past relevant work at step four of the sequential evaluation process.

### V.   ANALYSIS

**1.   Whether the ALJ properly accorded controlling weight to the non-examining state agency medical consultant and rejected the opinion of the treating physician, Antoinette Harvey-Fields, M.D.**

Plaintiff contends that the ALJ completely rejected the medical opinion of her treating physician, Harvey-Fields, and improperly accorded controlling weight to the opinion of the non-examining state agency medical consultant. Plaintiff maintains that the ALJ failed to evaluate Harvey-Fields' opinion under the factors outlined in 20 C.F.R. §§ 404.1527 and 416.927. For the following reasons, the Court finds this argument persuasive under the factual circumstances of this case.

The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing 20 C.F.R. § 404.1527(d)(2)). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994).

Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Id.* "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Id.* The treating physician's opinions are not conclusive. *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999). The opinions may be assigned little or no weight when good cause is shown. *Greenspan*, 38 F.3d at 237. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts when the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *See Brown*, 192 F.3d at 500; *Greenspan*, 38 F.3d at 237; *Paul*, 29 F.3d at 211.

The Fifth Circuit has held that, absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the

treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Additionally, the court has held that if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e). *Id.* In *Newton*, however, in which the court remanded to the ALJ to conduct an analysis of the factors under 20 C.F.R. §§ 404.1527 and 416.927, the Fifth Circuit made clear that *Newton* was not a case "where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Id.* at 458 (citing *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993)). The Commissioner argues that this is such a case.

While the Court admits that this is a close case, the Court finds that the ALJ erred when she did not "give any particular weight to the Physical Capacity Evaluation" created by Harvey-Fields. (Adm. Rec. at 15). While the Court recognizes that Harvey-Fields reported that the Physical Capacity Evaluation ("PCE") was created "per pt [patient] responses [as there is] no way to quantify in these [sic] clinic," the Court also notes that Harvey-Fields attributed the limitations to plaintiff's arthritis, osteoporosis, herniated disc and parasthesia/sciatica. (*Id.* at 268). Such diagnoses are not based on plaintiff's subjective complaints; indeed, plaintiff did not simply saunter into Harvey-Fields' office and tell her that she had such ailments. Plaintiff's arthritis, osteoporosis, herniated disk and parasthesia/sciatica are diagnoses of Harvey-Fields and based on objective medical evidence in the record by both her and other examining physicians. (*Id.* at 210-11, 214, 228, 286, 289-91).

8

The Commissioner argues that forms unaccompanied by in-depth analysis are entitled to little weight, *see Johnson v. Chater*, 87 F.3d 1015, 1018 (5th Cir. 1996), and that the PCE contains no references to any diagnostic evidence. This is true to a degree: But it does not take into account that plaintiff's limitations as assessed by Harvey-Fields are supported by objective medical evidence in the record and her diagnoses of plaintiff's ailments.

The Commissioner points to two examples of inconsistencies between Harvey-Fields' limitations in the PCE and her own evaluations: (1) On one day, plaintiff presented with elevated blood pressure, but Harvey-Fields noted that her blood pressure was stable; and (2) Plaintiff reported that her medication decreased her gastrointestinal symptoms. But such evidence from two random days is far from the competing first-hand objective evidence necessary to reject outright a treating physician's opinions. *See Spellman*, 1 F.3d at 364-65.

In short, the Court finds that the ALJ simply failed to perform her duties as required under the regulations. The Court finds that the ALJ should have considered the factors outlined in 20 C.F.R. §§ 404.1527 and 416.927 because she gave no particular weight to the opinion of plaintiff's treating physician, Harvey-Fields, and relied on the opinion of a *non-examining* state agency medical consultant, an opinion to which the ALJ neither cited nor explained. And while the Commissioner considered the factors outlined in 20 C.F.R. §§ 404.1527 and 416.927, the simple fact of the matter is that the Commissioner is not charged with such a duty under the regulations. That is the ALJ's duty, and the Court finds that she failed to perform it.

It must be noted that these findings are not a directive to the ALJ that she find plaintiff disabled. Indeed, on remand, the ALJ is fully free to find plaintiff not disabled under the

9

regulations. This Court simply orders the ALJ to comply with her duties as those duties are outlined in the case law and under the regulations. And should the ALJ determine that the treating physician's records are inadequate to receive controlling weight, absent other medical opinion evidence based on *personal examination or treatment* of the claimant – and not that of a *non-examining* state agency medical consultant – the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e). *Newton*, 209 F.3d at 453.[1]

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be GRANTED, the Commissioner's Cross-Motion be DENIED and that plaintiff's case be REMANDED for proceedings consistent with this recommendation.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 4th day of September, 2013.

---

[1] Because the Court remands on this issue, the Court does not consider plaintiff's other assignments of error.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**