```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


PAULETTE A. ROBEAUX                         CIVIL ACTION

VERSUS                                      NO: 12-2093

SOCIAL SECURITY ADMINISTRATION              SECTION: "A" (3)
```

## ORDER AND REASONS

Before the Court is a **Motion for Attorney's Fees under the Equal Access to Justice Act (Rec. Doc. 15)** filed by Plaintiff Paulete A. Robeaux. Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, opposes the motion (Rec. Doc. 16). The motion, scheduled for submission on November 6, 2013, is before the Court on the briefs without oral argument. For the reasons stated below, Plaintiff's motion is **GRANTED IN PART.**

**I. Background**

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust.[1] A party who obtains a remand of a social security appeal pursuant

---

[1] 28 U.S.C. § 2412(d)(1)(A).

to the fourth sentence of Section (g) of the Social Security Act[2] qualifies as a prevailing party for purposes of fees under the EAJA.[3]  The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust.[4]

In this case, Plaintiff appealed an adverse decision of the Social Security Administration.  On September 24, 2013, the Court entered judgment in favor of Plaintiff and remanded this case to the Commissioner for further proceedings.[5]  Plaintiff now seeks an award of attorney's fees under the EAJA in the amount of $7,322.30, which represents 38.1 hours of work at a pay rate of $183 per hour.  Plaintiff also seeks reimbursement of $350 in filing fees.

The government does not contest that Plaintiff is the prevailing party and entitled to an award of EAJA fees.  However, the government argues that the pay rate used to calculate the attorney's fees should be reduced to $160 per hour and the allowable number of work hours should be reduced to 36.0 hours.

---

[2] 42 U.S.C. § 405(g).

[3] *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994) (*citing Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)).

[4] *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

[5] Rec. Doc. 14 (Judgment entered in favor of Paulette A. Robeaux against Social Security Administration).


**II. Hourly Rate**

Plaintiff seeks an award of attorney's fees calculated using an hourly pay rate of $183 per hour.  The government argues that this pay rate is excessive and urges the Court to instead apply a pay rate of $160 per hour.

Under the EAJA, the amount of attorney's fees awarded shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability or quality of attorneys for the proceeding involved, justifies a higher fee."[6]  The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorney's fees in a particular market.[7]

In arguing for an applicable pay rate of $183 per hour, Plaintiff contends that the Consumer Price Index ("CPI") cost of living has increased from 152.40 in March of 1996, when the EAJA and its $125 per hour provision became effective, to 223.109 in December of 2012, when the majority of work was performed by Plaintiff's counsel in this case.  Plaintiff argues that this increase in CPI amounts to an adjusted pay rate of $183 per hour, which should be applied here.

This Court has struck down similar arguments before, finding

---

[6] 28 U.S.C. § 2412(d)(2)(A).

[7] *Yoes v. Barnhart*, 467 F.3d 426 (5th Cir. 1988).

that absent other circumstances, the original $125 per hour in the EAJA reflected the *maximum* rate that could be awarded under the statute.[8]  Thus, the CPI adjusted rate of $183 contemplates the maximum rate that could be awarded today, rather than the adjusted rate necessarily applicable to this market.[9]

The pay rate of $160 per hour, as suggested by the government, is consistent with recent decisions in this district concerning the reasonable hourly pay rate for attorney's fees under the EAJA.[10]  Since Plaintiff has failed to justify a higher rate, the Court finds that $160 per hour is a reasonable rate for attorney's fees in this case.

**III. Number of Hours Claimed**

Plaintiff seeks an award of attorney's fees to compensate for 38.1 hours worked.  In support of her motion, Plaintiff submitted an itemization of the various tasks performed by Plaintiff's counsel in this case which total 38.1 hours.[11]  The government argues that this amount of hours claimed is excessive.

---

[8]*Roberts v. Astrue*, No. 07-7444, 2010 WL 924287 (E.D. La. Mar. 9, 2010).

[9]*Id.* (*citing Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (holding that the increased rate may never exceed the percentage by which the market rate has increased since the statute was enacted)).

[10]*Grant ex rel. C.P. v. Colvin*, No. 12-1306, 2013 WL 4508161 (E.D. La. Aug. 22, 2013) (awarding $160 per hour).

[11]Rec. Doc. 15-2 ("Itemization of Time in Support of EAJA Fees").

4

Specifically, the government argues that the following activities should be eliminated from the fee calculation because they either did not require their performance by an attorney or were essentially clerical in nature: receipt and review of issued Summonses (0.3 hours); letters to SSA, Attorney General, and U.S. Attorney transmitting summons and complaint to each (0.8 hours); receipt and review of executed service returns (0.6 hours); prepare returns of service for SSA, Attorney General, and U.S. Attorney (0.6 hours). The government also argues that the amount of time claimed for these tasks is excessive.

The Court finds that the activities claimed by Plaintiff's counsel are compensable by an award of attorney's fees under the EAJA. However, the Court finds that the 0.6 hours claimed for receipt and review of executed service returns should be reduced to 0.1 hours.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion for Attorney's Fees Under the Equal Access to Justice Act (Rec. Doc. 15)** is hereby **GRANTED IN PART**, in that Plaintiff is awarded attorney's fees in the amount of $6,016.00, which is based on attorney time of 37.6 hours at a pay rate of $160 per hour. In addition, Plaintiff is awarded $350.00 for reimbursement of filing fees.

November 20, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE